**Electronically Filed
Intermediate Court of Appeals
30005
30-MAR-2011
07:56 AM**

NO. 30005

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CLAYTON GOMES, Plaintiff-Appellant,
v.
STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY,
Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 07-1-0223(3))


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Plaintiff-Appellant Clayton Gomes (Gomes or Plaintiff) appeals from the Judgment filed on July 22, 2009 in the Circuit Court of the Second Circuit[1] (circuit court).  The circuit court entered judgment in favor of Defendant-Appellee State of Hawaii, Department of Public Safety (State or Defendant) and against Gomes on all causes of action asserted in Gomes's First Amended Complaint pursuant to the July 8, 2009 "Order Granting Defendant State of Hawaii, Department of Public Safety's Motion to Dismiss Amended Complaint Filed on January 18, 2008, or in the Alternative for Summary Judgment, Filed on March 20, 2009" (Order Granting SJ).  The circuit court granted summary judgment in favor of the State as to counts two and three (medical

---

[1]  The Honorable Joseph E. Cardoza presided.

malpractice and breach of contract, respectively) of Gomes's First Amended Complaint and dismissed count one (negligence).

On appeal, Gomes raises only one point of error: the circuit court erroneously granted the State's motion to dismiss count one of his First Amended Complaint.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Gomes's point of error as follows:

Gomes's negligence claim against the State is barred by the statute of limitations. Hawaii Revised Statutes (HRS) § 662-4 (1993). Gomes filed his complaint on June 21, 2007, seeking damages for injuries he suffered on January 13, 2004 when he slipped and fell while trying to get down from his bunk at Maui Community Correctional Center, where he was an inmate. Gomes filed his complaint after the two-year statute of limitations had run, and contrary to Gomes's assertions, his negligence claim was not tolled under the (1) the continuing treatment doctrine, (2) the discovery rule, or (3) equitable tolling.

(1) HRS § 662-4, a waiver of sovereign immunity, is strictly construed. Office of Hawaiian Affairs v. State, 110 Hawaiʻi 338, 360, 133 P.3d 767, 789 (2006) (courts must strictly construe statutes that put specific limits on State's waiver of sovereign immunity); Whittington v. State, 72 Haw. 77, 806 P.2d 957 (1991) (tolling extensions allowed under Chapter 657 are not applicable to actions brought against the State under HRS Chapter 662). HRS § 662-4 states in plain language that a "tort claim against the State shall be forever barred unless action is begun within two years after the claim accrues, except in the case of a medical tort claim when the limitation of action provisions set forth in section 657-7.3 shall apply." Here, Gomes is alleging negligence, not a medical tort claim.

(2)   The discovery rule does not toll Gomes's negligence claim because at the time of his injury, he was aware of the negligent act, the damage, and the causal connection.

(3)   "The application of the doctrine of equitable estoppel against the government is not favored."  Turner v. Chandler, 87 Hawai'i 330, 333, 955 P.2d 1062, 1065 (App. 1998). Gomes argues that extraordinary circumstances

> caused him to delay filing suit. . . . [H]e was waiting for the Department of Public Safety to fix his back from the injury the Department itself had caused.  It was not his fault that the Department waited 18 months to finally give him an operation, and until then the statute of limitations was tolled because he did not have the "vital information" that said operation would be unsuccessful and he would be left with physical limitations and pain.

Gomes could have brought his negligence claim within the two-year statute of limitations.  Therefore, his equitable tolling argument is without merit.  Hays v. City & County of Honolulu, 81 Hawai'i 391, 398, 917 P.2d 718, 725 (1996).

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on July 22, 2009 in the Circuit Court of the Second Circuit is affirmed.

DATED:  Honolulu, Hawai'i, March 30, 2011.

On the briefs:

Anthony L. Ranken
(Ranken & Drewyer)
for Plaintiff-Appellant.

Marie Manuele Gavigan and
Caron M. Inagaki,
Deputy Attorneys General,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3